By the Court.—-Sedgwick, Ch. J.
The action was begun by the present plaintiff’s testator. The complaint alleged, that the plaintiff was retained by the defendant to prosecute a claim for $22,067.45, in the court of the commissioners of the Alabama Claims, the plaintiff being an attorney of that court ; that the plaintiff, as attorney, recovered a judgment in that court, in favor of the defendants, in the sum of $16.453.40 ; that in part payment of the judgment the plaintiff obtained-a draft on the treasury of the United States for $5,796 ; that the draft was sent to the plaintiff to protect his lien for services and disbursements, which were reasonably worth $2,542.70.
The allegations as to services were, if taken by themselves, sufficient to enable the plaintiff to maintain upon sufficient proof a recovery for the *127 value of the services in the form of a money judgment.
The relief asked was a judgment enforcing the plaintiff’s lien upon the draft; that a receiver be appointed, and that defendant be directed to endorse the draft, &c.
The answer admitted the plaintiff’s employment, but denied the value of the services, as alleged in the complaint, or that the value was more than $579.62, “ which sum said defendant has repeatedly offered, and has been and is ready and willing to pay to the plaintiff.” The answer further alleged that plaintiff received for account of defendant, the draft, “ and that said plaintiff has ever since refused to surrender the same to said defendant, unless upon condition that the defendant would pay to him a sum largely in excess of the value of his services and disbursements, and largely in excess of the amount of his agreed compensation.”
The plaintiff made a motion for judgment for the amount of the value of the services, as admitted by the answer, and that the action be severed, if plaintiff so elect, with liberty to proceed to enforce the remainder of the claim: the motion was made under section 511, Code Civil Procedure. “Where the answer of the defendant, expressly or by not denying, admits a part of the plaintiff’s claim to be just, the court, upon the plaintiff’s motion, may, in its discretion, order that the action be severed, that a judgment be entered for the plaintiff for the part so admitted, &c.”
I am of opinion, that a true construction of the answer did not show that the answer admitted that the sum which was alleged to be the value of the services was absolutely and unconditionally due to the plaintiff, or unconditionally payable to him. On the pleadings, and on the assumption of the answer, it was not due and payable. It would be payable, *128 if, at the time the amount was tendered, the plaintiff would perform a duty antecedent to his right to receive the tender, that is, pay over the draft. If he retained the draft, the money would not be due; or, if he received the money, and the defendant’s contention that no more had been earned was correct, there would be no lien. So that, if the fact is that the judgment represents the whole value of the services, it deprives the defendant of a right to avail himself of the position of the answer, and which he has at least a right to have tried, that the defendant is not bound to pay the value of the services until the plaintiff has performed his concurrent duty of delivering the draft upon payment for his services.
The motion should have been denied.
Judgment and order reversed, with costs.
Fbeedman and Tbuax, JJ., concurred.